IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAMSUL SHAIKH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03602 |
| | § | |
| JACK HENRY & ASSOCIATES, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jack Henry & Associates, Inc. ("Jack Henry"/"Defendant") files this Original Answer and Affirmative Defenses (collectively, "Answer") to the Original Complaint ("Complaint") filed by Plaintiff Shamsul Shaikh ("Plaintiff"/"Shaikh") as follows:

### LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all averments in the Complaint except those expressly admitted in this Answer.

### ANSWER TO PLAINTIFF'S ALLEGATIONS

The following specific responses to Plaintiff's allegations correspond numerically to the numbered paragraphs and headings in the Complaint:

#### INTRODUCTION

1.      Paragraph No. 1 does not set forth factual allegations requiring specific admission or denial.

2.      Defendant admits Plaintiff brings claims under Title VII of the Civil Rights Act of 1964. Defendant denies that Plaintiff is entitled to any of the relief he seeks in this lawsuit.

3. Defendant admits Plaintiff brings claims under the Age Discrimination in Employment Act of 1967. Defendant denies that Plaintiff is entitled to any of the relief he seeks in this lawsuit.

4. Defendant admits Plaintiff seeks compensatory damages, lost wages, liquidated damages, attorney's fees, taxable costs of court, and pre- and post-judgment interest. Defendant denies that Plaintiff is entitled to any of the relief he seeks in this lawsuit.

## PARTIES

5. Defendant is without sufficient information to admit or deny Plaintiff's current residence.

6. Defendant admits the factual allegations in Paragraph No. 6.

## VENUE

7. Defendant admits venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division.

8. Defendant admits the Court has federal question jurisdiction over this action, as Plaintiff's claims arise under Title VII and the ADEA.

9. Defendant denies the factual allegations in Paragraph No. 8.

## PROCEDURAL REQUISITES

10. Defendant denies the factual allegations in Paragraph No. 10.

## FACTS

11. Defendant is without sufficient information to admit or deny the allegations in this paragraph.

12. Defendant admits the factual allegations in Paragraph No. 12.

13. Defendant admits the factual allegations in Paragraph No. 13.

14. Defendant admits that Plaintiff's duties as a Technical Support Representative included, without limitation, assisting in the verification and processing of consumer debit card transactions. Defendant denies any remaining factual allegations in Paragraph No. 14.

15. Defendant denies the factual allegations in Paragraph No. 15.

16. Defendant admits the factual allegations in Paragraph No. 16.

17. Defendant denies that Chasity Mooneyham graded Plaintiff's job performance highly. Defendant admits that Plaintiff received a pay increase when his status was changed from contract to full time employee in October 2019. Defendant denies any remaining factual allegations in Paragraph No. 17.

18. Defendant admits the factual allegations in Paragraph No. 18.

19. Defendant denies the factual allegations in Paragraph No. 19.

20. Defendant admits the factual allegations in Paragraph No. 20.

21. Defendant admits the factual allegations in Paragraph No. 21.

22. Defendant denies the factual allegations in Paragraph No. 22.

23. Defendant denies that there were no material changes in Plaintiff's performance. Defendant admits Kyle Primes noted Plaintiff was failing to perform up to expectations. Defendant denies any remaining factual allegations in this Paragraph.

24. Defendant denies the factual allegations in Paragraph No. 24.

25. Defendant admits that Kyle Primes emailed Plaintiff a final verbal warning on December 3, 2019. Defendant denies any remaining factual allegations in this Paragraph.

26. Defendant admits the factual allegations in Paragraph No. 26.

27. Defendant denies the factual allegations in Paragraph No. 27.

28. Defendant admits that Plaintiff's evaluation revealed a need for improvement in the areas of Self Developer, Strategist, Advisor, Talent Builder, Innovator, Collaborator and Customer-centric. Defendant denies the remaining factual allegations in Paragraph No. 28.

29. Defendant admits the factual allegations in Paragraph No. 29.

30. Defendant admits that Kyle Primes determined that Plaintiff's work performance needed improvement. Defendant denies all remaining allegations in Paragraph No. 30.

31. Defendant admits that Kyle Primes placed Plaintiff on a Performance Improvement Plan on January 29, 2020. Defendant denies any remaining factual allegations in this Paragraph.

32. Defendant admits that Kyle Primes extended Plaintiff's Performance Improvement Plan on February 26, 2020.

33. Defendant admits that Kyle Primes, among others, was involved in the termination of Plaintiff's employment for poor performance/conduct. Defendant denies any remaining factual allegations in this Paragraph.

34. Defendant denies the factual allegations in Paragraph No. 34.

35. Defendant admits that Kiara McFee is a black woman. Defendant denies that Plaintiff or McFee were targeted for allegedly inferior performance. Defendant is without sufficient information to admit or deny the remaining factual allegations in Paragraph No. 35. As such, they are denied.

36. Defendant admits the factual allegations in Paragraph No. 36.

37. Defendant denies the factual allegations in Paragraph No. 37.

4

## COUNT I

## DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN UNDER TITLE VII

38. Paragraph No. 38 does not set forth factual allegations requiring specific admission or denial. Defendant incorporates its answers to Paragraph Nos. 1-37 as if fully set forth below.

39. Defendant denies the factual allegations in Paragraph No. 39.

40. Defendant denies the factual allegations in Paragraph No. 40.

41. Defendant denies the factual allegations in Paragraph No. 41.

42. Defendant denies the factual allegations in Paragraph No. 42.

## COUNT II

## DISCRIMINATION ON THE BASIS OF RACE UNDER TITLE VII

43. Paragraph No. 43 does not set forth factual allegations requiring specific admission or denial. Defendant incorporates its answers to Paragraph Nos. 1-42 as if fully set forth below.

44. Defendant denies the factual allegations in Paragraph No. 44.

45. Defendant denies the factual allegations in Paragraph No. 45.

46. Defendant denies the factual allegations in Paragraph No. 46.

47. Defendant denies the factual allegations in Paragraph No. 47.

## COUNT III

## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

48. Paragraph No. 48 does not set forth factual allegations requiring specific admission or denial. Defendant incorporates its answers to Paragraph Nos. 1-47 as if fully set forth below.

49. Defendant denies the factual allegations in Paragraph No. 49.

50. Defendant denies the factual allegations in Paragraph No. 50.

51. Defendant denies the factual allegations in Paragraph No. 51.

DAMAGES

52. Defendant denies the factual allegations in Paragraph No. 52.

LIQUIDATED DAMAGES

53. Defendant denies the factual allegations in Paragraph No. 53.

ATTORNEY'S FEES

54. Defendant denies the factual allegations in Paragraph No. 54.

JURY DEMAND

55. Defendant admits that Plaintiff requests a trial by jury but denies that Plaintiff is entitled to a jury on all of his claims or damage requests.

INJUNCTIVE RELIEF

56. Defendant admits that Plaintiff seeks injunctive relief but denies Plaintiff is entitled to any such relief in this lawsuit.

57. Defendant admits that Plaintiff seeks reinstatement of employment with Defendant but denies Plaintiff is entitled to any such relief in this lawsuit.

58. Defendant admits that Plaintiff seeks injunctive relief but denies Plaintiff is entitled to any such relief in this lawsuit.

PRAYER

59. Defendant denies that Plaintiff is entitled to any relief for which he prays in this lawsuit.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests. Each is asserted in the alternative and to the extent necessary and applicable.

1. Plaintiff's Complaint fails, in whole or in part, to state a legally and/or factually cognizable claim upon which relief may be granted.

2. Plaintiff was an at-will employee whose employment could be terminated at any time, with or without notice, and with or without cause.

3. Defendant acted in good faith and did not violate any rights owed to Plaintiff under Title VII, the ADEA, or any other federal, state, or local laws, rules, regulations, or guidelines.

4. The decision to end Plaintiff's employment was based upon legitimate, non-discriminatory reasons. Pleading in the alternative, to the extent Plaintiff establishes that Plaintiff's national origin, race, age, or some other protected characteristic was a motivating factor or but-for cause in the termination of his employment, Plaintiff still would have been discharged even had the protected characteristic or conduct been absent.

5. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitation.

6. To the extent Plaintiff claims discrimination or retaliation occurred more than 300 days before he filed his charge of discrimination with the EEOC, such claims are time-barred.

7. Plaintiff's claims may be barred in whole or in part by a failure to exhaust mandatory administrative or statutory remedies. Additionally, to the extent the Plaintiff's claims are beyond the scope of any administrative charge filed, his claims are barred for failure to exhaust mandatory administrative remedies.

8. Plaintiff's age discrimination claim is barred because Plaintiff cannot show that protected activity was the but-for cause of any adverse decision by Defendant.

9. Plaintiff's claims may be barred and/or liability is limited by the doctrine of after-acquired evidence.

10. Defendant has made good faith efforts to prevent discrimination and retaliation in the workplace and to comply with the law, and all acts and/or omissions by Defendant affecting Plaintiff were in good faith with reasonable grounds for believing that Defendant was in compliance with the law.

11. In the unlikely event it is concluded that any protected activity motivated any act on the part of Defendant, the same act would have been undertaken even absent said alleged improper or discriminatory motive, and Plaintiff is not entitled to relief.

12. Plaintiff has failed to satisfy all conditions precedent to his claims.

13. Defendant affirmatively pleads it took prompt remedial action in response to all complaints made by Plaintiff.

14. To the extent applicable, Defendant asserts that the relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, or was caused by the Plaintiff's own negligence, conduct, acts, or omissions.

15. To the extent any of Defendant's employees took actions in violation of any law, which Defendant denies, Defendant did not direct, authorize, or ratify any actions, and such actions were outside the course and scope of their employment with Defendant.

16. Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate damages, to the extent that he has failed to exercise due diligence in finding comparable employment or otherwise mitigating his damages, if any.

17. Plaintiff's claims are subject to offset by interim earnings and benefits from alternative employment and payments from collateral sources, including, without limitation, employment that Plaintiff reasonably could or should have obtained.

18. Plaintiff's claims may be barred, in whole or in part, by the doctrines of set-off or recoupment.

19. Some or all of Plaintiff's claims may be barred by the exclusive remedies provided by the Texas Workers' Compensation Act.

20. Any and all damages claimed by Plaintiff are subject to all statutory exclusions and limitations.

21. To the extent allowed by law, Defendant seeks recovery of its reasonable and necessary attorneys' fees.

22. Plaintiff must make an election of remedies.

23. Any award of punitive or liquidated damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as rights guaranteed in the Sixth and Eighth Amendments thereto.

24. Defendant reserves the right to amend or add additional affirmative defenses or counterclaims, which may become known during the course of discovery.

## PRAYER

Defendant prays that Plaintiff take nothing by his claims, his claims be dismissed with prejudice, judgment be entered in Defendant's favor, and Defendant be awarded its costs, attorneys' fees, and all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | **JACKSON LEWIS P.C** |
| | |
| Jamie L. Houston | */s/ Pamela B. Linberg* |
| Tex. Bar No. 24097847 | Pamela B. Linberg |
| S.D. Tex. No: 2780689 | Tex. Bar No. 00793299 |
| **JACKSON LEWIS P.C** | S.D. Tex. No. 23981 |
| 1415 Louisiana Street, Suite 3325 | 1415 Louisiana Street, Suite 3325 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| Telephone: (713) 651-0404 | Telephone: (713) 651-0404 |
| Facsimile:  (713) 651.0405 | Facsimile:  (713) 651.0405 |
| Jamie.Houston@JacksonLewis.com | Pamela.Linberg@JacksonLewis.com |
| | |
| **ATTORNEY FOR DEFENDANT** | **ATTORNEY-IN-CHARGE FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on January 5, 2021, and therefore has been served upon all counsel of record in accordance with such e-filing protocols.

Bruce A. Coane
Matthew P. Swiger
COANE AND ASSOCIATES, P.L.L.C.
5177 Richmond Avenue, Suite 770
Houston, Texas 77056
bruce.coane.@gmail.com
matt.swiger@coane.com
*Attorneys for Plaintiff*

*/s/ Jamie L. Houston*
Jamie L. Houston